IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK A. HERNDON, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-0121-K |
| | § | |
| THOMAS D. POWERS | § | |
| STANDING CHAPTER 13 TRUSTEE, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal from the bankruptcy court's order denying Mark A. Herndon's ("Appellant") motion to reconsider a prior order an order imposing sanctions. For the following reasons, the Court **AFFIRMS** the bankruptcy court's denial.

**I.     Factual Background**

The bankruptcy court conducted a show cause hearing on November 5, 2004. The hearing concerned Appellant's conduct related to his representation of certain bankruptcy clients and his failure to maintain a working telephone number or office. The order imposed monetary sanctions of $39,490 and prohibited Appellant from practicing before the United States Bankruptcy Court for the Northern District of Texas without prior leave of the court. An order dated November 12 set forth the sanctions.

ORDER – PAGE 1

Appellant filed a motion for reconsideration of the order with the bankruptcy court which was denied.

## II. Standard of Review

This Court reviews the bankruptcy court's denial of Appellant's motion to reconsider under an abuse of discretion standard. *See In re Colley*, 814 F.2d 1008, 1010 (5th Cir. 1987). After careful review of the appellate record, this Court finds the bankruptcy court's denial of Appellant's motion to reconsider was not an abuse of discretion.

## III. Show Cause Hearing

Appellant asks this Court vacate the bankruptcy court's order denying Appellant's motion for reconsideration, as well as grant Appellant a new trial under Rule 59 of the Federal Rules of Civil Procedure and Bankruptcy Rule 9023. In support of his position, Appellant argues the bankruptcy court erred in failing to allow him to present sworn testimony or introduce exhibits supporting his actions. He also asserts the sanctions imposed by the court are unreasonable and excessive.

The focus of the show cause hearing was for the bankruptcy judge to establish whether Appellant had complied with a prior order entered August 30, 2004, in a bankruptcy proceeding of another of Appellant's clients. As a result of Appellant's failure to attend bankruptcy hearings of his clients, the court ordered Appellant to give written notice of his correct address and telephone number to all his bankruptcy clients. In his appellate appendix, Appellant included a form letter he allegedly sent to all his

clients, which contained a phone number, fax number, and address. (There is no indication in the record that establishes Appellant sent these letters and to which clients.) The record from the show cause hearing establishes the telephone number, the same number listed for the fax number, which Appellant gave to his clients was not working. At the hearing, the court attempted to call the phone, but a recording stated it was a non-working number. This was the same phone number on record with the court, the one at which his clients, the court and the Trustee were unable to reach him. The difficulty in contacting Appellant and his failure to appear at certain bankruptcy hearings had occurred during the few months prior to the show cause hearing.

Appellant maintains that, regardless of his office telephone difficulties, anyone could have contacted him by mail, e-mail, his published home telephone number, or his cellular phone number. His e-mail address, home telephone number, and cellular number were not, however, included in that letter. Furthermore, the Trustee and one of Appellant's clients testified that although they had Appellant's cellular phone number, he never answered that phone and they could not leave a message.

The address Appellant gave his clients in this letter was of no assistance either. It was not Appellant's office, but rather, a post office box. He admitted at the hearing that he did not maintain an office. Once clients contacted him, he would meet them at some public location. However, his clients were unable to contact him by phone, so no meeting place could be set. And since this address was merely a post office box, clients could not see Appellant in person to speak with him.

ORDER – PAGE 3

At the hearing, Appellant offered several reasons for his failure to maintain contact with his clients: (1) he had recently taken on a case which required all his attention and required him to spend his time in Austin; (2) he had office personnel problems when one of his computers crashed resulting in the loss of electronic files (although he admitted still having the paper files) and one of his paralegals quitting; and (3) certain attorney/client privilege would be compromised were he to further explain his failure to appear at hearings or maintain contact with his clients. The hearing, however, did not necessitate the disclosure of any specifics related to any of his bankruptcy clients. It involved only the inquiry into Appellant's compliance with the court's August 30 order. It is apparent the court's real concern when it issued that order was Appellant's failure to appear at scheduled hearings and his failure to communicate with his clients. Furthermore, the court and the Trustee were unable to contact Appellant. This is the issue Appellant still fails to acknowledge–the lack of communication. One client testified she had not been informed of the hearing through Appellant at all, but rather through her contact with the Trustee. The Trustee stated at the hearing that several of Appellant's clients had contacted that office asking how to contact Appellant. This is a real problem.

The Court sympathizes with Appellant and the financial and office personnel difficulties he has encountered. However, this does not relieve him of his duties to his clients. Likewise, another case, regardless of how time consuming, does not relieve an attorney of his continuing duties to his clients as well. Appellant stated that he was

ORDER – PAGE 4

actively seeking replacement counsel for his bankruptcy clients. However, until that replacement had taken effect with the bankruptcy court, Appellant was still the attorney of record for all his clients to whom he owed continuing obligations.

Assuming without deciding Appellant sent the letter to all his clients, the Court concludes he failed to comply with the spirit of the August 30 order. Appellant may have literally complied with the order, but it is clear to this Court the bankruptcy court intended to ensure clients were able to contact him by ordering Appellant to send such a letter. The record clearly establishes this was not the case. Clients were still unable to contact Appellant.

IV.   **Sanctions**

During the hearing, Appellant agreed to the suspension of his license to practice before the United States Bankruptcy Court for the Northern District of Texas without first obtaining prior leave of the court. The bankruptcy judge offered Appellant, on more than one occasion, the opportunity to have a full evidentiary hearing. Appellant refused that offer each time. Appellant now claims it was impossible for him to present evidence then because of the attorney/client privilege. Assuming such information would even have been relevant to the court's decision, there are certainly means by which a court can sufficiently protect this privilege, any of which would have been available to the bankruptcy court. This assertion does not amount to new evidence warranting reconsideration or a new trial such that the court abused its discretion in denying his motion.

After reviewing the record related to the court's monetary sanctions, this Court is of the opinion that the bankruptcy court imposed reasonable sanctions. The numerous cases on which Appellant was the attorney of record required new counsel to be substituted. Depending upon the nature of the case, this could result in substantial time being invested by the new attorney. The bankruptcy court is in a better position to know the cases on its docket and what might be involved in substituting attorneys. This Court finds no evidence of an abuse of discretion in the calculation of this amount of money, and Appellant points to none.

V.     **Conclusion**

After review of the bankruptcy court record, the briefs of the parties, and the applicable law, the Court concludes that the bankruptcy court's order denying Appellant's motion to reconsider was not an abuse of its discretion. *See In re Colley*, 814 at 1010. The decision of the bankruptcy court is **AFFIRMED**. The Clerk is hereby directed to "prepare, sign and enter the judgment" pursuant to Bankruptcy Rule 8016(a).

**SO ORDERED.**

Signed September 19th, 2005.

s/ Ed Kinkeade
ED KINKEADE
UNITED STATES DISTRICT JUDGE